**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PWG-14-0051** |
| | * | |
| **MILEN RADOMIRSKI,** | * | |
| | * | |
| **Defendant.** | ****** | |

**MEMORANDUM OPINION AND ORDER**

Defendant, Milen Radomirski, moves pro se for a sentence reduction, following a conviction for Visa Fraud in violation 18 U.S.C § 1546. Defendant argues that his status as a deportable alien unfairly subjects him to a harsher sentence when compared with a United States citizen incarcerated for a similar offense. Defendant's motion is unclear regarding the precise statutory basis for the Sentence Reduction. Instead, Defendant's motion largely focuses on a District of Columbia Circuit Court case, *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994), for the proposition that a downward departure from the sentencing guidelines is warranted in his case. The Government has timely responded, noting that Defendant's claim for a sentence reduction could be construed as a motion under: (1) Federal Rule of Criminal Procedure 35; (2) 28 U.S.C. § 2255; or (3) *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Government argues that under any of the three interpretations, the Defendant's motion fails. In his Reply, Radomirski explicitly states that his motion was not grounded on any of the basis outlined by the Government. Instead, Defendant requests that I focus my analysis solely on *Smith*, and other similar cases, which hold that a Court may use a defendant's status as a deportable alien as a reason to deviate downward during sentencing. I find the Defendant's claims are without merit, and deny the motion.

I. **BACKGROUND**

Defendant Milen Radomirski was charged in a one-count Information on January 31, 2014, *see* Inform., ECF No. 11, charging him with one count of Visa Fraud, in violation of 18 U.S.C. § 1546, a Class C felony. On February 19, 2014, Radomirski was arraigned on the Information, *see* Arr. Minutes, ECF No. 13, and Defendant pleaded guilty to the charge of Visa Fraud, in violation of 18 U.S.C § 1546. *Id*. Sentencing with respect to Radomirski occurred on July 2, 2014. At the hearing, I sentenced Radomirski to twenty-four months' imprisonment, J. 2, ECF No. 35, constituting a downward variance from the sentence recommended under the U.S. Sentencing Guidelines, *see* Statement of Reasons 3, ECF No. 36. The Guidelines Range for an offender with Radomirski's criminal history was 27-33 months. *Id*. at 1.

On November 18, 2014, Radomirski moved pro se for a sentence reduction on the basis that the Court should have varied downward during sentencing due to his status as an illegal alien. Def.'s Mot. 1, ECF No 37. Although Radomirski's motion focused on a variety of claims, I found that the letter could be construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and I ordered the Government to respond and set deadlines for opposition and reply briefs. Letter Order, ECF No. 41. The Government filed an Opposition, Gov.'t Opp., ECF No. 43, and Radomirski's Reply was filed prior to the July 31, 2015 deadline. Def.'s Reply, ECF No. 44. In his Reply, Radomirski states that he is not moving under § 2255 or *Bivens*, but is instead seeking relief based upon the holding in *Smith*. *Id*. at 1.

II. **DISCUSSION**

Radomirski requests that I focus my analysis on *United States v. Smith*, a District of Columbia Circuit Court case decided over twenty years ago. *See United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994). While I appreciate the significant time and effort Radomirski has put towards researching case law in support of his motion, his reliance on *Smith* is misplaced.

*Smith* answers the question of "whether a sentencing court may depart below the range indicated by the Sentencing Guidelines where the defendant, solely because he is a deportable alien, faces the prospect of objectively more severe prison conditions than he would otherwise." *Smith*, 27 F.3d at 650.  In *Smith*, the Court of Appeals for the District of Columbia Circuit reversed and remanded for resentencing after the District Court for the District of Columbia failed to find any basis for a departure from the sentencing guidelines. *Id*.  The Court of Appeals held that the Defendant's status as a deportable alien rendered him susceptible to harsher conditions than an otherwise identical citizen and therefore warranted a departure from the sentencing guidelines. *Id*. at 651.  Consequently, the Court of Appeals reasoned that "a downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence," provided that the Court is persuaded that there is a "high degree of confidence that [the greater severity] will in fact apply for a substantial portion of the defendant's sentence." *Id*. at 655.  However, while *Smith* does stand for the proposition that a sentencing court *may* depart below the range indicated by the Sentencing Guidelines when the defendant is a deportable alien, *id*. (emphasis added), there is no requirement, either by statute or under current case law, that requires me to do so.  In fact, other judges of the Court have refused to depart downward when encountering similar situations. *See, e.g.*, *United States v. Holguin*, 16 F. Supp. 2d 595 (D. Md. 1998) (noting that the sentencing court would not have departed downward even if defendant's status as deportable alien was used as a basis for a downward departure at sentencing).

This Court is under no obligation to depart below the range indicated by the Sentencing Guidelines simply because a defendant is a deportable alien, however, I agree with the premise in *Smith*, and a defendant's status as a deportable alien is one of the many factors that a Judge

may consider during sentencing.  Contrary to what Radomirski asserted in his motion, Def.'s Mot. 8-9, ECF No 37, I specifically considered the history and characteristics of the Defendant in particular when contemplating his sentence, *see* Statement of Reasons, ECF No. 36, and I did depart downward from the sentencing guidelines.  The fact that Radomirski, as a deportable alien, might be subjected to harsher considerations was noted by defense counsel, *see* Def. Sentencing Mem., ECF No. 25 at 12, and taken into consideration when I made my sentencing decision.  In the present circumstances, Radomirski was sentenced to a total term of 24 Months. J. 2, ECF No. 35.  The Guidelines Range, as calculated in the Presentence Report, was 27 to 33 months.  *See* Statement of Reasons 3, ECF No. 36.  Consequently, the relief Radomirski seeks pursuant to *Smith* (a below guidelines variance) already was granted to him during sentencing. The 24 month sentence that Radomirski received included a 10% reduction from the sentence he otherwise would have received under the Guidelines.  Accordingly, the Defendant is not entitled to the relief he requests and the motion is DENIED.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion for Reduced Sentence, ECF No. 37, is DENIED. This Memorandum and Order disposes of ECF No. 37 in Criminal No. PWG-14-051. The Clerk is directed to FILE a copy of this Memorandum and Order in Criminal No. PWG-14-051, to MAIL a copy of it to Defendant, and to CLOSE Criminal No. PWG-14-051.

It is so ordered.

Dated:  August  5,  2015                                        /s/
                                                                                              Paul W. Grimm
                                                                                              United States District Judge